UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

JOSSYBEL GOMEZ, and others similarly-situated,

    Plaintiff,

vs.

MIAMI THERAPEUTIC CENTER, LLC, a Florida
Limited Liability Company, BLACKBIRD
ENTERPRISES OF SOUTH FLORIDA, LLC, a Florida
Limited Liability Company, DYNAMIC MEDICAL
SERVICES, INC., a Florida Corporation, and DENNIS
C. NOBBE, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, JOSSYBEL GOMEZ, by and through her undersigned attorney, and hereby sues Defendants, MIAMI THERAPEUTIC CENTER, LLC, a Florida Limited Liability Company ("MTC"), BLACKBIRD ENTERPRISES OF SOUTH FLORIDA, LLC, a Florida Limited Liability Company ("BLACKBIRD"), DYNAMIC MEDICAL SERVICES, INC., a Florida Corporation ("DYNAMIC"), and DENNIS C. NOBBE, individually ("NOBBE"), and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for liquidated damages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The Corporate Defendant regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while she was employed by the Defendant.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. MTC, LLC's business activities involve those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

7. Upon information and belief, the annual gross income for the Defendant MTC during the year 2013, 2014, and 2015 was in excess of $500,000.00, annually. Upon information and belief, the annual gross income for the Defendant MTC is expected to exceed $500,000.00, annually for the year 2016.

8. By reason of the foregoing, MTC, LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. BLACKBIRD's business activities involve those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and

telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

10. Upon information and belief, the annual gross income for the Defendant BLACKBIRD during the year 2013, 2014, and 2015 was in excess of $500,000.00, annually. Upon information and belief, the annual gross income for the Defendant BLACKBIRD is expected to exceed $500,000.00, annually for the year 2016.

11. By reason of the foregoing, BLACKBIRD is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

12. DYNAMIC's business activities involve those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

13. Upon information and belief, the annual gross income for the Defendant DYNAMIC during the year 2013, 2014, and 2015 was in excess of $500,000.00, annually. Upon information and belief, the annual gross income for the Defendant DYNAMIC is expected to exceed $500,000.00, annually for the year 2016.

14. By reason of the foregoing, DYNAMIC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

15. MTC, LLC, BLACKBIRD, and DYNAMIC are involved in a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between the two corporations, performed through unified operation and common control are being done for a common business purpose. Both corporations share employees, including the Plaintiff, maintain a common ownership, managed by the same individuals, share the same website and market themselves under the same trade name. Upon information and belief, the aggregate joint income of the three corporations was in excess of $500,000 for the annual years of 2013, 2014, and 2015. Upon information and belief, the aggregate joint income of the three corporations is expected to exceed $500,000.00, annually for 2016.

16. Plaintiff was engaged in interstate commerce as she regularly and recurrently worked with instrumentalities of interstate commerce. Plaintiff would regularly and recurrently make interstate phone calls and facsimile transmissions (e.g. to insurance carriers), send interstate mail packages, and used internet lines to communicate with parties in other states, as part of her general job duties.

17. The individual Defendant, NOBBE, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporations and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant NOBBE controlled the purse strings for the corporate Defendants. Defendant NOBBE hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

18. Defendants jointly employed the Plaintiff as, upon information and belief, there was an arrangement between the corporate Defendants to share the Plaintiff's services at the two locations. Plaintiff's work simultaneously benefited all corporate Defendants as Plaintiff were

required to perform the services of Data entry at both medical clinics. Other employees' performed services were similarly shared between the two locations. Additionally, there was an arrangement between the corporate Defendants to share employees, requiring other employees to physically work at both locations. The corporate Defendants would share control of the employee, both directly and indirectly, with regards to the number of hours they worked and the wages they were paid. Based on the foregoing, the Defendants have jointly employed the Plaintiff.

## COUNT I: LIQUIDATED DAMAGES UNDER THE FLSA

19. Plaintiff re-alleges and re-avers paragraphs 1 through 18 as fully set forth herein.

20. The corporate Defendants operate medical clinics in two locations.

21. Plaintiff was jointly employed by Defendants as a non-exempt hourly-paid office employee, whose duties included data entry, front desk receptionist, responding to insurance companies, and answering phones.

22. Plaintiff was employed from April, 2011 through July 6, 2016.

23. Plaintiff worked approximately 25-30 hours per week. Commencing with on or about July 2014 through the end of her employment (approximately 52 biweekly pay-periods), Plaintiff was not promptly paid her wages on approximately half of the pay-periods (26 biweekly pay-periods). Plaintiff frequently received her paycheck more than 14 days after the pay-period closed. On various weeks during the same pay-period, Plaintiff received her paycheck more than 30 days after the pay-period closed.

24. Plaintiff was paid a rate of $10.00 per hour. However, from May 15, 2016 through July 6, 2016, Plaintiff was not paid any wages.

25. The FLSA imposes an obligation to 'promptly pay' employees their wages. Defendants failed to comply with the FLSA by failing to 'promptly pay' the Plaintiff her wages on the date they were due. Accordingly, Defendants' pay-practices were in violation of the FLSA.

26. The similarly situated individuals are those individuals whom were employed by the Defendant as an office employee and whom were not paid promptly paid their wages, in whole or in part.

27. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests liquidated damages, and reasonable attorney's fees and costs from the Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for wages owed over the Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, and any and all other relief which this Court deems reasonable under the circumstances.

## **COUNT II. CLAIM FOR FLSA MINIMUM WAGES**

28. Plaintiff re-alleges and re-avers paragraphs 1 through 18 as fully set forth herein.

29. The corporate Defendants operate medical clinics in two locations.

30. Plaintiff was jointly employed by Defendants as a non-exempt hourly-paid office employee, whose duties included data entry, front desk receptionist, responding to insurance companies, and answering phones.

31. Plaintiff was employed from April, 2011 through July 6, 2016.

32. Plaintiff worked approximately 25-30 hours per week.

33. Plaintiff was not paid any wages from May 15, 2016 through July 6, 2016.

34. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiff.

35. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage (as she was being paid nothing). Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay the Plaintiff. Defendants are also aware of the provisions of the FLSA as they were previously sued for minimum wages.

36. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: July 11, 2016

        Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com
<u>*/s Daniel T. Feld*</u>
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
<u>*s/ Isaac Mamane*</u>
Isaac Mamane, Esq.
Florida Bar No. 44561